DAVID B. AYRES, plaintiff in error, v. JOHN DOE, ex dem. MURRAY McCONNEL and THOMAS ARNETT, defendant in error.

*Error to Morgan.*

In ejectment, where the tenant enters into the consent rule, and is made defendant instead of the casual ejector, it is error to proceed to trial and judgment against him, without filing a declaration against him; and his pleading to the original declaration against the casual ejector, will not cure the error.

Under the act of 1819, the certificate of the acknowledgment of a deed was in the following words:

" State of Illinois, Morgan County, March, 1825.

" This day personally appeared Thomas Arnett and his wife, Caycah, before me, James Deaton, one of the acting justices of the peace for said county, and acknowledged the due execution of the within to be their free act and deed, for the within purposes therein named. Given under my hand and seal, day and date above written.          JAMES DEATON, *J. P.* [SEAL.] "

*Held,* that the certificate was sufficient to entitle the deed to be recorded, and to be read in evidence as the deed of Arnett; but that it would not be sufficient, if offered in evidence to bar the wife's dower.

THIS was an action of *ejectment* to recover the possession of lot eighty-one, in the town of Jacksonville.

At the October term, 1837, of the Morgan Circuit Court, a declaration in ejectment, against Richard Roe, the casual ejector, was filed in said Court, with notice to David B. Ayres, the tenant in possession, the present plaintiff in error. The usual consent rule was entered into by Ayres, and the plaintiff filed an amended declaration against Richard Roe. Ayres pleaded not guilty. Issue was taken by the plaintiff, and the cause tried before the Hon. Jesse B. Thomas and a jury, at the July term, 1838. A verdict was rendered for the plaintiff, upon which judgment was entered, and the cause brought to this Court by writ of error. The other facts in the case sufficiently appear from the opinion of the Court.

WM. THOMAS, for the plaintiff in error.

MURRAY McCONNEL, and MIRON LESLIE, for the defendant in error.

WILSON, Chief Justice, delivered the opinion of the Court:

This was an action of *ejectment* to recover the possession of a lot of land in the town of Jacksonville. Several errors are assigned

to the opinions and proceedings of the Court below, but it will not be necessary to notice more than two of them. The first is that the Court proceeded to try and render judgment in the cause, without any declaration having been filed against the defendant. The law and the rules of practice in relation to the action of ejectment, are too well settled to require argument or authority to prove that the Court erred in trying the cause without a declaration against the defendant.

The next error assigned is, that the Court erred in excluding from the jury as evidence, the deed from Thomas Arnett to the county commissioners of Morgan county. The only reason assigned by the Court for excluding this deed from being read in evidence, was the insufficiency of the certificate of the acknowledgment of its execution. The validity of this objection will depend upon the certificate itself, and also the law regulating the making and certifying of deeds, in force at the time this was made. First, then, what did the law of 1819 (which is the law governing this case) prescribe in relation to the acknowledgment of the execution of deeds. This law authorizes judges, county commissioners, and justices of the peace, to take the acknowledgment of deeds, but it does not require acknowledgment to be taken and certified in any prescribed form, except it be the acknowledgment of a married woman, when the object is to transfer her right of dower. The certificate of the justice, in this case, would seem, therefore, to be quite as full and exact as was contemplated by the law. It is in these words :

" State of Illinois, Morgan County, March, 1825.

" This day personally appeared Thomas Arnett and his wife, Caycah, before me, James Deaton, one of the acting justices of the peace for said county, and acknowledged the due execution of the within to be their free act and deed, for the within purposes therein named. Given under my hand and seal, day and date above written. JAMES DEATON, *J. P.* [SEAL.] "

Had this deed been offered in evidence to prove the transfer of the wife's dower, it would have been properly rejected, because the certificate of acknowledgment is neither in form nor substance, such as the law prescribes in such a case. But as the deed was offered to be read only as the deed of Arnett, it should have been received. The certificate of the justice is as full and as formal, as the law under which it was made, required.

The judgment is reversed with costs.

*Judgment reversed.*